BRIAN R. BLACKMAN (SBN 196996)
bblackman@blaxterlaw.com
J.T. WELLS BLAXTER (SBN 190222)
wblaxter@blaxterlaw.com
DAVID P. ADAMS (SBN 312003)
dadams@blaxterlaw.com
TROY M. HEISMAN (SBN 343572)
theisman@blaxterlaw.com
BLAXTER | BLACKMAN LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111
Telephone: (415) 500-7700

Attorneys for defendant
CVS PHARMACY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN LUIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>**DEMAND FOR JURY** |

Defendant CVS Pharmacy, Inc. ("CVS"), by and through its undersigned counsel, hereby removes the above-captioned action, entitled *Cristian Luis v. CVS Pharmacy, Inc.*, Case No. 25CV130566, from the Superior Court for the State of California, County of Alameda, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a). The following is a short, plain statement of the grounds for removal provided pursuant to 28 U.S.C. § 1446(a).

## I. DESCRIPTION OF THE ACTION

1. On July 9, 2025, plaintiff Cristian Luis ("Plaintiff") filed a Class Action Complaint, on behalf of himself and his putative class of California purchasers in the State of California, County of Alameda, Case No. 25CV130566 (the "State Court Action"). A copy of the Complaint is attached as part of **Exhibit 1**. The Complaint alleges that CVS engaged in consumer deception in violation of California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq*.) and California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.) and breached express warranties by making false and deceptive representations with respect to the "No Artificial Preservatives" claim on the label of its Gold Emblem Abound breakfast bars (the "Breakfast Bars").

2. Plaintiff alleges that CVS manufactures, distributes, advertises and sells the Breakfast Bars with the claim "No Artificial Preservatives" stated on the front label. *See* Complaint, ¶¶3, 10, 12. Plaintiff also alleges the "No Artificial Preservatives" claim is false and misleading because the Breakfast Bars contain "manufactured citric acid – an artificial preservative ingredient used in food and beverage products." *Id.*, ¶¶4, 12. Plaintiff further alleges that as a result of the false and misleading representation, he and his putative class are entitled to damages and restitution of the purchase price of the Breakfast Bars. *Id.*, ¶¶12, 34-35.

3. Based on these and similar allegations, Plaintiff asserts claims for false and misleading business practices in violation of California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq*., hereinafter the "CLRA") and California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*., hereinafter the "UCL"), and for breach of express

warranties. Plaintiff seeks restitution, disgorgement of profits, injunctive relief, interest, costs, expenses and reasonable attorneys. *See* Complaint at pp.22-23, ¶¶b-e. Plaintiff's CLRA letter demands CVS engage in a corrective advertising campaign to re-educate consumers. *See* CLRA letter attached as **Exhibit 2** at p. 3. Plaintiff seeks this relief on behalf of himself and his putative class of "[a]ll persons who purchased the Products for personal use in California within the applicable statute of limitations until the date class notice is disseminated." *See* Complaint, ¶36.

4. As set forth more fully below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and the action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## II. NOTICE OF REMOVAL IS TIMELY

5. Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

6. CVS is the only named defendant in Plaintiff's Complaint. *See gen.,* Complaint. On July 17, 2025, Plaintiff served his Complaint on CVS via C.T. Corporation System in East Providence, Rhode Island. *See* Service of Process Transmittal Summary attached as part of **Exhibit 1**.

7. Thus, CVS's Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because this Notice of Removal is filed within thirty (30) days after CVS was served with Plaintiff's Complaint.

8. The Superior Court for the State of California, County of Alameda, is located within the Northern District of California, Oakland Division. Venue, therefore, is proper within the Northern District of California, Oakland Division, pursuant to 28 U.S.C. § 84 and 28 U.S.C. § 1441 because that is the district and division embracing the place where such action is pending.

9. No previous application has been made for removal of this action.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

10. Under the provisions of 28 U.S.C. § 1332, this Court has original jurisdiction over this case and, therefore, it may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

11. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States …" 28 U.S.C. § 1332(a)(1).

### A. Diversity Jurisdiction Under 28 U.S.C. § 1332(a).

12. As detailed below, this action may be removed to this Court pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of California (Complaint ¶16), CVS is a citizen of Rhode Island (Complaint ¶10), and the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] *See* 28 U.S.C. § 1332(a)(1); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018) (diversity jurisdiction "requires complete diversity among the parties and an amount in controversy in excess of $75,000.").

13. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C § 1441(a). Since this Court has "original jurisdiction" over this action under 28 U.S.C. § 1332(a), this case may be removed pursuant to 28 U.S.C. § 1441.

14. The provisions of 28 U.S.C. § 1441(b)(2) barring removal if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is

[1] CVS relies upon the Plaintiff's allegations solely for purposes of assessing eligibility for removal based on diversity jurisdiction, 28 U.S.C. § 1332(a). CVS reserves all rights to challenge these allegations for all other purposes, including, but not limited to, denying that the putative class is properly defined, that the Plaintiff has standing to assert claims on behalf of the alleged putative classes, and that the claims in this case are proper for class treatment.

brought" does not prevent removal of this action because CVS, the only named defendant in this case, is not a citizen of California. *See* Complaint, ¶10.

**1. Complete Diversity of Citizenship Exists Between the Parties.**

15. "Diversity jurisdiction in a class action depends solely on the citizenship of the named parties." *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014), citing *Snyder v. Harris*, 394 U.S. 332, 340, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) ("[I]f one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant."). Plaintiff Luis and defendant CVS are the only named parties.

16. Plaintiff alleges that he is an individual, who at all relevant times, resides in California and purchased the Product from a CVS store located in California based on advertising directed at him and his putative class in California. *See* Complaint, ¶¶6, 8, 11, 35. Thus, CVS alleges that Plaintiff is a citizen of California.

17. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …" 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities). CVS is a Rhode Island corporation with, as Plaintiff correctly alleges, its principal place of business in Woonsocket, Rhode Island. *See* Complaint, ¶10. Thus, CVS is a citizen of Rhode Island. CVS is not now, and was not at the time Plaintiff's Complaint was filed, a citizen of the State of California.

**2. The Amount in Controversy Requirement Is Satisfied for Purposes of Diversity Jurisdiction.**

18. Under 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

19. The general federal rule is that the Complaint itself determines the amount in controversy. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). "If it is 'unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, … a preponderance of the evidence standard applies.'" *Rodriguez v. Costco Wholesale Corp.*, Case No. 24-cv-01413-JSW, 2024 WL 4733508 (N.D. Cal. Oct. 24, 2024), quoting *Guglielmino v. McKee Foods, Inc.*, 506 F.3d 696, 699 (9th Cir. 2007). "'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015), quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

20. This Court may consider the costs of injunctive relief and Plaintiff's request for an award of attorney's fees when calculating the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'"), quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016).

21. Plaintiff brings this action on behalf of himself and a putative class of California consumers who purchased the Product within the last four years. *See* Complaint, ¶36. Plaintiff alleges three separate claims for violation of the CLRA and UCL and breach of express warranties. *Id.* ¶¶48-78. He seeks, among other things, restitution, disgorgement, and an award of costs and reasonable attorney fees. *Id.*, ¶¶58-59. Plaintiff also seeks injunctive relief requiring CVS to correct the alleged deception. *Id.* ¶¶59, 70. Based on Plaintiff's allegations and his CLRA letter, this would require conducting a corrective advertising campaign. *See*, Exhibit 2.

22. Plaintiff's CLRA claim contains a provision allowing for an award of attorney fees to a prevailing plaintiff (Cal. Civ. Code § 1780(e)), and Plaintiff seeks such an award. *See* Complaint, ¶59 & at p. 23, ¶e. Thus, the request for attorney fees, combined with costs associated with any injunctive relief and corrective advertising, cement the fact that the amount in controversy is satisfied.

23. Although CVS concedes no liability on Plaintiff's claims, assuming the allegations to be true for purposes of this notice, Plaintiff's individual claims place in controversy a sum greater than $75,000.00. As such, all requirements for removal under CAFA, 28 U.S.C. § 1332(d), are satisfied and this action is properly removed to this Court.

## IV. NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT, AND COPY OF THE COMPLETE FILE FROM THE STATE COURT ACTION

24. Pursuant to 28 U.S.C. §1446(a), CVS has attached a copy of all documents and pleadings served on its by Plaintiff in connection with the action. *See* Exhibit 1. CVS has attached the following to this Notice of Removal: Service of Process Transmittal Summary, Summons, Case Docket Sheet, Complaint, Civil Case Cover Sheet and Addendum, and Notice of Case Management Conference. *See* Exhibit 1.

25. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be provided promptly to Plaintiff and filed with the Superior Court for the State of California, County of Alameda. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

## V. RESERVATION OF RIGHTS

26. This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case. Nothing in this Notice of Removal should be taken as an admission that the Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that the Plaintiff or putative class members are entitled to or otherwise may recover any of the amounts described above. CVS reserves the right to amend and/or supplement this Notice of Removal.

Dated: August 15, 2025

BLAXTER | BLACKMAN LLP

By: ______________________

BRIAN R. BLACKMAN
J.T. WELLS BLAXTER
DAVID P. ADAMS
TROY M. HEISMAN
Attorneys for Defendant
CVS PHARMACY, INC.

**DEMAND FOR JURY TRIAL**

Defendant CVS Pharmacy, Inc. demands a trial by jury on all issues that may be tried by a jury.

Dated: August 15, 2025

BLAXTER | BLACKMAN LLP

By: ______________________

BRIAN R. BLACKMAN
J.T. WELLS BLAXTER
DAVID P. ADAMS
TROY M. HEISMAN
Attorneys for Defendant
CVS PHARMACY, INC.